UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANGELA CLEMENTE, :
:
Plaintiff, :
:
v. : C.A. No. 13-0108 (TFH)
:
FEDERAL BUREAU OF :
INVESTIGATION, et al. :
:
Defendants. :

PLAINTIFF'S MOTION FOR AN ORDER
REQUIRING PROMPT REVIEW AND
RELEASE OF ALL RESPONSIVE RECORDS

Comes now the plaintiff, Angela Clemente ("Clemente") and moves the Court for an order requiring defendant Federal Bureau of Investigation to review all responsive records and release them in rolling releases at a rate of not less than 5,000 pages per month.

A Memorandum of Points and Authorities and a proposed Order in support of the motion are submitted herewith.

/s/ James H. Lesar
James H. Lesar #114413
962 Wayne Avenue, Suite 910
Silver Spring, MD 20910
Phone: (301) 328-5920

Dated: June 29, 2013       Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANGELA CLEMENTE, :
:
Plaintiff, :
:
v. : C.A. No. 13-0108 (TFH)
:
FEDERAL BUREAU OF :
INVESTIGATION, et al. :
:
Defendants. :

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR AN ORDER
REQUIRING PROMPT REVIEW AND RELEASE
OF ALL NONEXEMPT RESPONSIVE RECORDS

STATEMENT OF THE CASE

Critical to the right of plaintiff Angela Clemente ("Clemente") to receive "prompt" access to the information she requested is the rate at which the responsive documents are to be processed. Defendant Federal Bureau of Investigation ("FBI") has indicated that there are approximately 55,000 pages responsive to her requests, of which some 25,000 pages come from its New York field office ("NYO"). After suit was filed, the FBI first sought to delay response to Clemente's June 26, 2011 request for 500 pages related to Gregory Scarpa, Sr. ("Scarpa") and four murder victims. It finally produced

the 500 pages it said were responsive to this request on June 28, 2013, two years after the request was made. As to the remaining documents, it initially proposed processing them at the rate of 500 pages per month, a rate which is ludicrous on its face. At this rate, it would take 12 years from the date her request was made to comply with it. Given the dire status of her health, she will die before she receives the records she urgently needs. This delay will thwart both her goal and the FOIA's mandate—public oversight of what appears to be pervasive corruption involving the FBI and its Top Echelon Mafia informants.

The FBI has a longtime custom of haggling over when it will begin processing records and the rates at which they will be processed. These tactics are used to deny requesters their right to prompt access to the records sought. See, e.g., Fiduccia et al. v. United States Department of Justice, 185 F.3d 1035, 1040-1041 (Ninth Cir. 1999) (FBI request for 8 year stay, which would have required plaintiffs to wait 15 years from filing their request to receive records, was tantamount to saying "regardless of whether you are entitled to the documents, we will not give them to you.")

Here, the FBI has modified its initial 500 pages per month rate, suggesting it can do 1,500 per month. But for reasons set forth in more

detail below, this is still a far remove from adhering to the FOIA's mandate for prompt disclosure.

A. General Background

Plaintiff Angela Clemente ("Clemente") is a forensic analyst who for more than a decade has worked on the issue of systemic corruption of the law enforcement system resulting from the collaboration of the FBI and Top echelon ("TE") informants working for it in murders and other crimes inflicted on innocent persons. To a large extent, her work has focused on the relationship between TE informant Gregory Scarpa, Sr. ("Scarpa") and the former FBI Supervisory Special Agent ("SSA") Lindley Devecchio ("Devecchio"), who was Scarpa's handler. Through her independent research, Clemente has uncovered compelling evidence that Devecchio knew about several murders Scarpa committed while he was on the FBI payroll as a Top Echelon informant. Either Devecchio did nothing in response, or he actively assisted in the commission of these crimes by providing Scarpa confidential law enforcement information concerning them, such as letting Scarpa know the whereabouts of his eventual victims.

Clemente's accomplishments in this investigation figure in a broader story on her life and career which was recently prominently featured in an article in the New York Times. See Attachment 1, "An Investigation of the

F.B.I. by an Unlikely Sleuth," by Alan Feuer, New York Times, June 30, 2013.

The Department of Justice already has conducted two internal investigations regarding SSA Devecchio's alleged misconduct with respect to Scarpa. In March 2006, a New York grand jury indicted Devecchio on four counts of second degree murder, charging that he aided and abetted Scarpa, who actually committed the murders. See New York v. Devecchio, 468 F.Supp.2d 448, 451 (E.D.N.Y. 2007); United States v. Persico, 1997 WL 867788 (E.D.N.Y.) at *10. Clemente subsequently uncovered additional evidence of professional misconduct by Devecchio and others and continues to consult with and provide information regarding these matters to Senate investigators on an ongoing basis. Senator Charles ("Chuck") Grassley, has referred her allegations to the Department of Justice's Office of the Inspector General.

Clemente's prior FOIA lawsuit for records on Scarpa is the subject of two published opinions, Clemente v. F.B.I., 741 F.Supp.2d 64 (D.D.C. 2010) and Clemente v. F.B.I., 854 F.Supp.2d 49 (D.D.C. 2012). Civil

Case 1:13-cv-00108-TFH   Document 11   Filed 07/30/13   Page 6 of 14

5

Action 08-1252, which produced these decisions, is still ongoing, with a motion for an interim award of attorney fees pending.[1]

B. <u>Administrative Proceedings in this Case</u>

Clemente has submitted two Freedom of Information Act ("FOIA") requests directly relevant to her pending motion. First, on June 26, 2011 she submitted a request to the New York FBI Field Office ("NYO") for records concerning Scarpa and the murders of John Minerva, Michael Imbregamo, Salvatore Scarpa, and Matty Ianiello. See Complaint, Exhibit 1. Clemente limited this request to 500 pages so that it would receive a more prompt response by being placed in the FBI's "short hit" processing queue which handles requests consisting of 500 or fewer pages.

On July 12, 2011, the FBI acknowledged Clemente's request, noting that the NYO had forwarded it to FBI Headquarters. There it was assigned request number 1169405-000.

---

[1] The public benefits of Clemente's FOIA work on Scarpa have been recognized by the OIG, the New York Times and other media. Author Peter Lance also benefitted from her filing the lawsuit and her diligent and selfless pursuit of the records it produced. Indeed, he downloaded the records released to Clemente from the Court's PACER website, where they had been filed as the FBI's <u>Vaughn</u> index, Asserting that he had obtained them through his own "research," he used them to write a book about the Scarpa/Devecchio matter, <u>Deal with the Devil</u> (Morris Publishing, 2013).

On October 30, 2011 Clemente submitted a second request to NYO which amended and expanded her June 2011 request to include "all records on or pertaining to Gregory Scarpa, wherever they may be located or filed, in whatever form or format they are maintained." Complaint, Exhibit 5. On March 1, 2012, the FBI responded to the request for a fee waiver made by Clemente by granting it. See Exhibit 1.

By January 2013, approximately a year and a half after Clemente had filed her June 26, 2011 request, she had received no records responsive to either request, notwithstanding the fact that fee waivers had been granted for both.

C. <u>Proceedings in this Court</u>

On January 25, 2013, Clemente filed a Complaint for Injunctive Relief, seeking a court order directing the FBI to release nonexempt responsive records.

Even after suit was filed, the FBI continued to delay making the "prompt" response to her requests required by the FOIA. The response to her June 26, 2011 request, which sought only 500 pages, did not occur until June 28, 2013, two years and two days after that request was submitted. As of this date, the FBI still has made no response to her October 30, 2011 request, even though 21 months have now passed since she submitted it.

## ARGUMENT

Clemente seeks to have the records at issue processed at a rate of not less than 5,000 pages per month. There are several reasons why the Court should issue an order requiring the FBI to do so. First, the FBI has flagrantly flouted the "prompt" disclosure command of the FOIA by not producing any records at all until more than two years had elapsed from the date of the first request. Second, the records at issue relate to an issue of national importance—pervasive corruption in the FBI's collaboration with Top Echelon Mafia informants in murderous activities. This corruption is now the subject of an investigation by the Justice Department's Office of the Inspector General ("OIG") and is currently receiving a great deal of national news coverage through the trial of James ("Whitey") Bulger now taking place in Boston. Third, absent a miracle, Clemente faces a very limited lifespan without much prospect that she will be able to carry further the important public service she has devoted her life to. Because her liver was gravely damaged through medical surgery she is desperately in need of a liver transplant, but Johns Hopkins Hospital and Columbia Presbyterian Hospital have adviser her that her prospect of getting one in time is dim.

As to the first and second of these three factors, "[t]he basic purpose of the FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." Mobley v. Central Intelligence Agency et al., 2013 WL 452932 at *4 (D.C.D.C.), quoting NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978). Courts have repeatedly concluded that timely processing of requests is a critical factor in ensuring such accountability. See, e.g., American Civil Liberties Union v. Department of Defense et al., 339 F.Supp.2d 501, 504 (S.D.N.Y. 2004)( "[T]he glacial pace at which defendant agencies have been responding to plaintiffs' requests show an indifference to the commands of FOIA, and fails to afford accountability of government that the act requires)."

When Congress passed the 1974 amendments to the FOIA, it emphasized the importance of a timely response to a request for records under the Act, underscoring that delay in processing them--such as that proposed by defendant in this case-- can be "'tantamount to denial.'" Ferguson v. Federal Bureau of Investigation, 722 F.Supp. 1137, 1140 (S.D.N.Y. 1989), quoting H.Rep. No. 876, 93d Cong., 2d Sess., reprinted in 1974 U.S.Code Cong. & Admin.News, 6267, 6271. The FOIA provides

strict time limits for a response, and requires that a determination to grant or deny a request must be made within 20 work days after its receipts. 5 U.S.C. § 552(a)(6)(A) provides in pertinent part that:

> Each agency, upon any request for records . . . shall
>
> (i) determine within 20 days . . . after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination . . .; and
>
> (ii) make a determination with respect to any appeal within twenty (working) days . . . after the receipt of such appeal.

A court may allow an agency additional time "[i]f the Government can show exceptional circumstances exist and the agency is exercising due diligence in responding to the request, . . . ." 5 U.S.C. § 552(a)(6)(C).

In <u>Open America v. Watergate Special Prosecution Force.</u>, 547 F.2d 605 (D.C.Cir.1976), this Court defined what "exceptional circumstances" merit additional time for processing responsive records. "Exceptional circumstances" have been construed to mean an agency is burdened with an unusual number of requests; <u>and</u> agency resources are inadequate to process the requests within the time limits set forth in the statute; <u>and</u> the agency can show due diligence in processing the requests; <u>and</u> the agency shows "reasonable progress" in reducing its backlog of requests. <u>Williams v.</u>

F.B.I., 2000 WL 1763680 at *2 (D.D.C. Nov. 30, 2000), citing Open America, id., and 5 U.S.C. § 552(a)(6)(C)(ii) (1997).

In 1996 Congress amended the FOIA and clarified the Open America decision. It emphasized that "'routine, predictable agency backlogs for FOIA requests do not constitute exceptional circumstances'" meriting additional time to process requests. Electronic Privacy Information Center v. F.B.I., 2013 WL 1245752 (D.C.D.C.) at *3, quoting H.R. Rep. 104-795 at 24 (1996), reprinted in 1996 U.S.C.C.A.N. 3448, 3467.

Open America endorsed the principle that FOIA requests would be assigned and processed on a first-in first-out ("FIFO") basis. At the time, the FBI employed a "two-track" system in which requests were assigned to one of two tracks. As the Court of Appeals explained:

> While the "two-track" system expedites simple
> requests and identifies those matters which will
> be more difficult and time-consuming, on each
> track the FBI attempts to proceed on a strictly
> first-in first-out basis and to maintain approximately
> the same rate of progress.

Open America, 547 F.2d at 613. The Court of Appeals adopted this principle in its holding:

> The good faith effort and due diligence of the
> agency to comply with all lawful demands under
> the [FOIA] in as short as time as possible by assign-
> ing all requests on a first-in, first-out basis, except

> those where exceptional need or urgency is shown, is compliance with the Act.

Id.

The FBI has not attempted to meet its burden of showing compliance with the FIFO principle by filing a motion to stay proceedings under Open America. Such a motion, if there were any basis for it, should have been made promptly upon the filing of Clemente's lawsuit. No such motion has been filed. There is no basis for such a motion. The FBI delayed for two years before filing a response to Clemente's simple, June 26, 2013 request. It has not yet begun to comply with her October 30, 2011 request. This is a case where the circumstances warrant that the processing of the records take place at a fast rate. In Lardner v. F.B.I., Civil Action No. 03-0874, the FBI has just finished reprocessing approximately 60,000 pages at roughly 5,000 pages per month.[2] An ever faster processing rate would be warranted here in light of the facts that these records are currently of extraordinary public interest because they relate to matters presently being investigated by the Department of Justice's OIG. Given the status of Clemente's health, the public interest in securing their prompt disclosure will be thwarted by any further delay. The FBI has represented that the NYO holds approximately

---

[2] This representation is made on the personal knowledge of the undersigned attorney who represents Lardner in the cited case.

Case 1:13-cv-00108-TFH   Document 11   Filed 07/30/13   Page 13 of 14
12

25,000 pages of responsive records, and that another 30,000 pages are held by other field offices and FBIHQ. As noted above, the FBI, in line with the position it has taken in other FOIA cases, initially offered to process them at a rate of 500 pages per month, then later upped the number to 1,500 pages per month. But even the latter figure would mean that it would take nearly a year and a half to process the NYO files and three years to process all the records at issue. This fails to comply with the FOIA's "prompt" disclosure requirement.

## CONCLUSION

For the reasons set forth above, the Court should order the FBI to process the records at issue in a series of rolling releases consisting of the review of not less than 5,000 pages per month and the release of all nonexempt materials.

/s/ James H. Lesar
James H. Lesar #114413
962 Wayne Avenue
Suite 910
Silver Spring, MD 20910
Phone: (301) 328-5920

Dated: July 29, 2013            Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANGELA CLEMENTE,                      :
                                      :
       Plaintiff,                     :
                                      :
v.                                    :    C.A. No. 13-0108 (TFH)
                                      :
FEDERAL BUREAU OF                     :
   INVESTIGATION, et al.              :
                                      :
       Defendants.                    :

## ORDER

Upon consideration of plaintiff's motion for an order requiring defendant Federal Bureau of Investigation to review and release responsive records in rolling releases of at least 5,000 pages per month, defendant's opposition thereto, and the entire record herein, it is by this Court this _____ day of August, 2013, hereby

ORDERED, that defendant Federal Bureau of Investigation shall review all responsive records at a rate of at least 5,000 pages per month and release all nonexempt records or portions thereof to plaintiff.

_____
UNITED STATES DISTRICT JUDGE